## BENJAMIN F. SMITH, RESPONDENT, *v.* J. O. P. LOWNSDALE, APPELLANT.

WAIVER.—Waiver of demand and notice may be made by parol.

IDEM — INDORSER — PROMISE BY, AFTER FAILURE TO PROTEST.—A promise to pay made after maturity, with knowledge that demand and notice of non-payment had not been made, removes the effect of any negligence in making demand or in giving notice.

SECURITY—EFFECT OF TAKING BY INDORSER.—An indorser who has taken
    sufficient security to protect himself against possible loss waives his legal
    right to require proof of demand and notice.
PRACTICE.—Permitting a jury to take a written charge to the jury room:
    *Held,* to be bad practice.

APPEAL from Multnomah County.

This action was brought by Smith against Lownsdale on
a promissory note executed by one Cooper to Lownsdale,
and by him indorsed to Smith. Lownsdale took from
Cooper and wife a mortgage to secure him against loss on
account of the indorsement, and still holds the security.
No demand was made and no notice given. Cooper became
insolvent, and died after the maturity of the note. Issue
was joined as to waiver of demand and notice by Lowns-
dale. After the complaint was filed a motion was made by
counsel for Lownsdale to strike out a certain allegation
contained therein, which is set out in the opinion, and the
denial of said motion is charged as error. The bill of ex-
ceptions shows that respondent offered testimony tending
to prove that appellant, before the maturity of the note,
requested respondent not to protest it at maturity, and
promised that he would pay the same without demand and
notice of non-payment, and would waive the same as he
had security for his liability. Respondent then offered the
mortgage from Cooper and wife to appellant, and the court
overruling objections to its admission admitted the same,
and at the time expressly charged the jury that the taking
and existence of the same could not be deemed a waiver of
demand and notice on the part of Lownsdale, nor any
excuse for Smith's neglect to demand payment of the maker
and give due notice of the non-payment, and was to be
considered by the jury as illustrating or explaining the oral
testimony of the plaintiff, and for the purpose of aiding the
jury in determining the truth concerning the alleged con-
versation between plaintiff and defendant. Admitting the
mortgage and giving this instruction were excepted to and
are charged as errors. When the jurors were ready to
retire the court allowed them to take the general charge,
which had been reduced to writing, with them to the jury

room, overruling applicant's objection thereto. This is also charged as error. The verdict was for Smith, who had judgment accordingly.

*Hill, Durham & Thompson,* for appellant:

The court erred in allowing the mortgage referred to to be read for any purpose. (*Cramer* v. *Perry,* 17 Pick. 332.) It was error to allow the jury to take the written instructions of the court to the jury-room, when they retired to deliberate upon their verdict. (Civ. Code, secs. 202, 203; *Farmers' and Mechanics' Bank* v. *Whinfield,* 24 Wend. 420; 1 G. & W. on New Trials, 70.)

*Catlin & Killen,* for respondent:

An indorser who is secured is not entitled to demand or notice, and the issue concerning demand and notice was an immaterial one. (Story on Prom. Notes, sec. 357; 3 Kent, 113; Story on Bills, sec. 374: 1 Pars. on Cont. 271, and authorities there cited; *Bank* v. *Griswold,* 7 Wend. 166.)

By the Court, McARTHUR, J.:

The first error assigned is in denying appellant's motion to strike out the following allegation from the complaint: "That about the last day of August, 1871, and at various times since, the defendant has promised and agreed to pay such note." We think there was no error in this ruling. L. was an indorser, and he had a right to insist upon demand and notice of non-payment as a condition precedent to the attaching of any liability to him. But this right he could waive before maturity and by parol. (1 Pars. N. and B. 584.) And however much denied and debated heretofore, we take it to be now settled that a promise to pay, made after maturity, the note in this case matured November, 1868, with knowledge that demand for payment and notice of non-payment had not been made, removes entirely the effect of any negligence in making demand or in giving notice. (1 Pars. on N. and B., 595.) And we are of opinion that the allegations of the complaint were sufficient to let in proof of defendant's knowledge of these facts.

Though there is a conflict of authorities upon the ques-

tion of demand and notice to an indorser who has taken
security sufficient to protect himself against possible loss,
Chancellor Kent and Justice Story maintaining the affirma-
tive, and Mr. Parsons dissenting from their views, we think
the weight of authority clearly is that if an indorser, before
or at the maturity of the bill, has protected himself from
loss by taking sufficient collateral security of the maker, it
is a waiver of his legal right to require proof of demand
and notice. (3 Kent's Com., 10 ed., 163; Story on Prom.
Notes, secs. 281, 357; 1 Pars. on Cont., 5 ed., 271, note j.)
Mr. Parson's views will be found in the first volume of his
work on notes and bills, p. 571 *et seq.* Following the
weight of authority, we think it was entirely proper for the
court to admit the mortgage in evidence for the purpose of
sustaining the affirmative of the issue in relation to waiver
of demand and notice. Respondent could have urged its
admission and relied upon it for a more effective purpose.
The special oral charge of the court in submitting the mort-
gage to the jury, though not in accordance with our view of
the law, was not an error that affected the rights of the ap-
pellant; its entire effect was to limit and abridge the
respondent's rights. It could not possibly have prejudiced
the appellant's case with the jury.

There remains but one other question to consider. The
court, at the request of counsel, had reduced the general
charge to writing, though the special instruction given at
the time the mortgage was admitted was oral. The jury
were allowed to take with them to their room the written
charge. While as a matter of practice we do not approve
this, we are unable to find any statute expressly or by neces-
sary implication forbidding it. Section 202 of the code
does not meet the question. That applies to the pleadings
and the evidence, and does not directly or indirectly refer
to the charge to the jury. The intention of prohibiting the
court from submitting to the jury a general written charge
could not have been in the legislative mind when section
202 was enacted (Oct. 11, 1862), for the written charges to
juries were not part of our system until the amendment of

subd. 6, sec. 194 of the code, which was approved October 20, 1864.

It is conceded that the law of the case was clearly and correctly stated in the written charge; therefore, in this particular instance, nothing prejudicial to the substantial rights of the appellant could have resulted from the act.

Judgment affirmed.